TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-410 |
| of | : | |
| | : | August 14, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE TOM J. BORDONARO, JR., MEMBER OF THE CALIFORNIA STATE ASSEMBLY, has requested an opinion on the following question:

What information may a local school board member publicly disclose that has been received and discussed in closed session concerning pending litigation?

CONCLUSION

A local school board member may not publicly disclose information that has been received and discussed in closed session concerning pending litigation unless the information is authorized by law to be disclosed.

ANALYSIS

The present inquiry concerns the ability of a local school board member to publicly disclose information received at a closed session of the board held for the purpose of discussing litigation matters with the board's attorney. We conclude that only information authorized by law to be disclosed may be released to the public by an individual school board member.

The Ralph M. Brown Act (Gov. Code §§ 54950-54962; hereafter "Act"), **Footnote No. 1** requires "legislative bodies" of "local agencies," including school districts, to hold their meetings open to the public except as provided in the Act. (§ 54962; see 78 Ops.Cal.Atty.Gen. 328 (1995); 78 Ops.Cal.Atty.Gen. 218 (1995); 76 Ops.Cal.Atty.Gen. 289 (1993); 75 Ops.Cal.Atty.Gen. 89 (1992).) For many years the Act did not specifically provide for closed meetings in which a local agency could confer with its attorney; however, the courts and this office both recognized that the Act was not intended to impliedly repeal the pre-existing and well-established protections of the attorney-client privilege. (See *Sutter Sensible Planning, Inc.* v. *Board*

*of Supervisors* (1981) 122 Cal.App.3d 813, 823-825; *Sacramento Newspaper Guild v. Sacramento County Board Of Supervisors* (1968) 263 Cal.App.2d 41, 51-58; 75 Ops.Cal.Atty.Gen. 14, 15 (1992); 67 Ops.Cal.Atty.Gen. 111, 112 (1984).)

In 1984 the Legislature added section 54956.9 to expressly authorize local agencies to meet with their attorneys in private. As amended in 1993, section 54956.9 currently states:

"Nothing in this chapter shall be construed to prevent a legislative body of a local agency, based on advice of its legal counsel, from holding a closed session to confer with, or receive advice from, its legal counsel regarding pending litigation when discussion in open session concerning those matters would prejudice the position of the local agency in the litigation.

"For purposes of this chapter, all expressions of the lawyer-client privilege other than those provided in this section are hereby abrogated. This section is the exclusive expression of the lawyer-client privilege for purposes of conducting closed-session meetings pursuant to this chapter.

"For purposes of this section, `litigation' includes any adjudicatory proceeding, including eminent domain, before a court, administrative body exercising its adjudicatory authority, hearing officer, or arbitrator.

"For purposes of this section, litigation shall be considered pending when any of the following circumstances exist:

"(a) Litigation, to which the local agency is a party, has been initiated formally.

"(b)(1) A point has been reached where, in the opinion of the legislative body of the local agency on the advice of its legal counsel, based on existing facts and circumstances, there is a significant exposure to litigation against the local agency.

"(2) Based on existing facts and circumstances, the legislative body of the local agency is meeting only to decide whether a closed session is authorized pursuant to paragraph (1) of this subdivision.

"(3) For purposes of paragraphs (1) and (2), `existing facts and circumstances' shall consist only of one of the following:

"(A) Facts and circumstances that might result in litigation against the local agency but which the local agency believes are not yet known to a potential plaintiff or plaintiffs, which facts and circumstances need not be disclosed.

"(B) Facts and circumstances, including, but not limited to, an accident, disaster, incident, or transactional occurrence that might result in litigation against the agency and that are known to a potential plaintiff or plaintiffs, which facts or circumstances shall be publicly stated on the agenda or announced.

"(C) The receipt of a claim pursuant to the Tort Claims Act or some other written communication from a potential plaintiff threatening litigation, which claim or communication shall be available for public inspection pursuant to Section 54957.5.

"(D) A statement made by a person in an open and public meeting threatening litigation on a specific matter within the responsibility of the legislative body.

"(E) A statement threatening litigation made by a person outside an open and public meeting on a specific matter within the responsibility of the legislative body so long as the official or employee of the local agency receiving knowledge of the threat makes a contemporaneous or other record of the statement prior to the meeting, which record shall be available for public inspection pursuant to Section 54957.5. The records so created need not identify the alleged victim of unlawful or tortious sexual conduct or anyone making the threat on their behalf, or identify a public employee who is the alleged perpetrator of any unlawful or tortious conduct upon which a threat of litigation is based, unless the identity of the person has been publicly disclosed.

"(F) Nothing in this section shall require disclosure of written communications that are privileged and not subject to disclosure pursuant to the California Public Records Act (Chapter 3.5 (commencing with Section 6250) of Division 7 of Title 1).

"(c) Based on existing facts and circumstances, the legislative body of the local agency has decided to initiate or is deciding whether to initiate litigation.

"Prior to holding a closed session pursuant to this section, the legislative body of the local agency shall state on the agenda or publicly announce the subdivision of this section that authorizes the closed session. If the session is closed pursuant to subdivision (a), the body shall state the title of or otherwise specifically identify the litigation to be discussed, unless the body states that to do so would jeopardize the agency's ability to effectuate service of process upon one or more unserved parties, or that to do so would jeopardize its ability to conclude existing settlement negotiations to its advantage.

"A local agency shall be considered to be a `party' or to have a `significant exposure to litigation' if an officer or employee of the local agency is a party or has significant exposure to litigation concerning prior or prospective activities or alleged activities during the course and scope of that office or employment, including litigation in which it is an issue whether an activity is outside the course and scope of the office or employment."

Accordingly, section 54956.9 provides that closed sessions with counsel may only occur after notice to the public and in connection with pending or threatened litigation "[w]hen discussion in open session concerning those matters would prejudice the position of the local agency in the litigation." (See *Roberts* v. *City of Palmdale* (1993) 5 Cal.4th 363, 378.)

The rules set forth in section 54956.9 for conducting a closed session have been examined by this office in a variety of circumstances. (See 75 Ops.Cal.Atty.Gen. 14, *supra*, [local agency may use litigation exception to go into closed session to deliberate and take action upon settlement of lawsuit]; 71 Ops.Cal.Atty.Gen. 96 (1988) [litigation exception cannot be construed to confer upon board of air pollution control district authority to conduct deliberations with attorney in closed session after district's public hearing on a variance order of abatement or permit appeal]; 69 Ops.Cal.Atty.Gen. 232 (1986) [proposed or tentative cease and desist order served on city by regional water quality control board is commencement of adjudicatory proceeding that permits closed sessions of city council with its attorney].)

In 76 Ops.Cal.Atty.Gen. 289, *supra*, we were asked whether a city council may adopt an ordinance making it a misdemeanor for any person present during a closed session of the council to publicly disclose the substance of the discussion. The primary focus of the opinion was upon the legal authority of a city to impose a criminal sanction for the disclosure of confidential information, but the following observations were made concerning the propriety of public disclosures of closed session information:

". . . We have . . . routinely observed that it would be *improper* for information

received during a closed session to be publicly disclosed . . . . [Citations.]

"The basis for our prior conclusions was that the statutes authorizing closed sessions and making records thereof `confidential' would be rendered meaningless if an individual member could publicly disclose the information he or she received in confidence. [Citations.] Not only does the Act authorize closed sessions, it specifies that the minute book containing `a record of topics discussed and decisions made at' a closed session `is not a public record . . . and shall be kept confidential' and `available only to members of the legislative body or . . . to a court . . .'. [Citations.] If the recording of a closed session discussion must be kept in confidence, it follows that oral communications of such information may not be made to the public." (*Id.*, at pp. 290-291.)

The need for maintaining the confidentiality of information received in a closed session was reflected in 75 Ops.Cal.Atty.Gen. 14, *supra*, where we concluded that the pending litigation exception could be invoked to deliberate in the presence of counsel concerning the settlement of litigation. We stated:

"Unless section 54956.9 were given a strained and unnatural construction, the wording of the statute permits individual members of a legislative body not only to deliberate and exchange opinions *with counsel* but also *among themselves* in the presence of counsel. As we noted in 69 Ops.Cal.Atty.Gen. 232, 239, *supra*, the pending litigation exception fills the need to discuss confidentially with counsel `the strength and weakness of the' local agency's position in the litigation. And as articulated by the court in *Sacramento Newspaper Guild, Inc., supra*, with respect to both `settlement and avoidance of litigation,' these are `particularly sensitive activities, whose conduct would be grossly confounded, often made impossible, by undiscriminating insistence on open lawyer-client conferences.' (263 Cal.App.2d p. 56.)" (*Id.*, at pp. 18-19.)

We further observed that a local legislative body:

". . . must be able to confer with its attorney and then decide in private such matters as the upper and lower limits with respect to settlement, whether to accept a settlement or make a counter offer, or even whether to settle at all. These are matters which will depend upon the strength and weakness of the individual case as developed from conferring with counsel. A local agency of necessity must be able to decide and instruct its counsel with respect to these matters in private." (*Id.*, at pp. 19-20.)

In *Roberts* v. *City of Palmdale*, *supra*, 5 Cal.4th at pp. 380-381, the court similarly stated:

"A city council needs freedom to confer with its lawyers confidentially in order to obtain adequate advice, just as does a private citizen who seeks legal counsel, even though the scope of confidential meetings is limited by this state's public meeting requirements. [Citations.] The public interest is served by the privilege because it permits local government agencies to seek advice that may prevent the agency from becoming embroiled in litigation, and it may permit the agency to avoid unnecessary controversy with various members of the public."

Two statutes control the reporting procedures to be followed with respect to a closed session held under the litigation exception. Section 54957.7 states:

"(a) Prior to holding any closed session, the legislative body of the local agency shall disclose, in an open meeting, the item or items to be discussed in the closed session. The disclosure may take the form of a reference to the item or items as they are listed by number or letter on the agenda. In the closed session, the legislative body may consider only those matters covered in its statement. Nothing in this section shall require or authorize a disclosure of

covered in its statement. Nothing in this section shall require or authorize a disclosure of information prohibited by state or federal law.

"(b) After any closed session, the legislative body shall reconvene into open session prior to adjournment and shall make any disclosures required by Section 54957.1 of action taken in the closed session.

"(c) The announcements required to be made in open session pursuant to this section may be made at the location announced in the agenda for the closed session, as long as the public is allowed to be present at the location for the purpose of hearing the announcements."

Section 54957.1 provides in turn:

"(a) The legislative body of any local agency shall publicly report any action taken in closed session and the vote or abstention of every member present thereon, as follows:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(2) Approval given to its legal counsel to defend, or seek or refrain from seeking appellate review or relief, or to enter as an amicus curiae in any form of litigation as the result of a consultation under Section 54956.9 shall be reported in open session at the public meeting during which the closed session is held. The report shall identify, if known, the adverse party or parties and the substance of the litigation. In the case of approval given to initiate or intervene in an action, the announcement need not identify the action, the defendants, or other particulars, but shall specify that the direction to initiate or intervene in an action has been given and that the action, the defendants, and the other particulars shall, once formally commenced, be disclosed to any person upon inquiry, unless to do so would jeopardize the agency's ability to effectuate service of process on one or more unserved parties, or that to do so would jeopardize its ability to conclude existing settlement negotiations to its advantage.

"(3) Approval given to its legal counsel of a settlement of pending litigation, as defined in Section 54956.9, at any stage prior to or during a judicial or quasi-judicial proceeding shall be reported after the settlement is final, as specified below:

"(A) If the legislative body accepts a settlement offer signed by the opposing party, the body shall report its acceptance and identify the substance of the agreement in open session at the public meeting during which the closed session is held.

"(B) If final approval rests with some other party to the litigation or with the court, then as soon as the settlement becomes final, and upon inquiry by any person, the local agency shall disclose the fact of that approval, and identify the substance of the agreement.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Accordingly, only when a decision has been made to defend, to appeal or not appeal, or to submit a friend of the court brief, is the board required to publicly report the identity of the adverse party and the substance of the litigation. Prior to that time, any comment by a board member could "prejudice the position of the local agency in the litigation." (§ 54956.9.) It must be remembered that a closed session is undertaken in the first place because the legislative body has affirmatively determined, based on advice of its legal counsel, that discussion of the same matters in open session *would* be prejudicial to the local agency's legal position. Where it is the local agency initiating or intervening in the action, the cloak of confidentiality extends even further. The board, by majority vote, may disclose the identity of the action, the defendants, and other particulars at the time of approving initiation of or intervention in the action. Only upon formal commencement of the action, however, are the identity of the action, the defendants, and the other particulars

commencement of the action, however, are the identity of the action, the defendants, and the other particulars required to be disclosed, and then only to those individuals who make inquiry and on the condition that disclosure would not jeopardize the agency's ability to effectuate service of process or its ability to conclude existing settlement negations to its advantage. (§ 54957.1, subd. (a)(2).) Similarly, only when there is a *final* settlement of pending litigation must the acceptance or approval and the substance of the agreement be reported or disclosed. (§ 54957.1, subd. (a)(3).)

Apart from announcing the foregoing litigation milestones and the requisite information relating thereto, any disclosure of information received and discussed in a closed session held under the litigation exception could thwart or frustrate the Legislature's purpose in establishing the exception. As previously noted, a closed session is, by definition, held only when discussion in open session would prejudice the position of the local agency in litigation. The board (or individual members) cannot claim to have a basis for holding a closed session while at the same time revealing information received at that meeting. If a majority of the board members determines that further discussion of the issue need not be conducted in closed session, the appropriate procedure would be to hold an open meeting on the subject rather than making ad hoc disclosures. Furthermore, if individual members of the board were to decide for themselves what aspects of such information could be disclosed without prejudicing the position of the agency, the protection of the litigation exception would quickly break down. This is particularly true where a legislative body is divided over the issue being litigated, with some members supporting a particular course of legal action (e.g., initiating, defending, or settling) and other members opposed. Board members cannot feel free to discuss the issues candidly with counsel if they believe that their disaffected colleagues will be unconstrained in talking publicly about the closed session deliberations and thereby prejudice the course of action to be taken.

Consistent with this limited view of what may be publicly disclosed, we find that the Act provides for recordation of closed session proceedings and the exclusion of such a record from disclosure under the Public Records Act (§§ 6250-6270). Section 54957.2 states:

"(a) The legislative body of a local agency may, by ordinance or resolution, designate a clerk or other officer or employee of the local agency who shall then attend each closed session of the legislative body and keep and enter in a minute book a record of topics discussed and decisions made at the meeting. The minute book made pursuant to this section is not a public record subject to inspection pursuant to the California Public Records Act (Chapter 3.5 (commencing with Section 6250) of Division 7 of Title 1), and shall be kept confidential. The minute book shall be available only to members of the legislative body or, if a violation of this chapter is alleged to have occurred at a closed session, to a court of general jurisdiction wherein the local agency lies. Such minute book may, but need not, consist of a recording of the closed session.

"(b) An elected legislative body of a local agency may require that each legislative body all or a majority of whose members are appointed by or under the authority of the elected legislative body keep a minute book as prescribed under subdivision (a)."

Since the minute book may consist of an audio recording that would not be available to members of the general public, public statements by board members about the discussions in the closed session would violate the integrity of the confidential recording.

Given the statutorily prescribed procedures for the recording of closed session proceedings and the reporting of certain litigation decisions reached in closed session, we believe that under the pending litigation exception, members of a local agency's legislative body are precluded from publicly commenting on information received and discussed in closed session except to reiterate the facts that are authorized to be reported publicly by the local agency pursuant to section 54957.1. **Footnote No. 2**

Our analysis of the requirements of the Act is limited to *discussions* held in closed session concerning pending litigation. In *Roberts* v. *City of Palmdale*, *supra*, 5 Cal.4th 363, the court concluded that whether a memorandum sent from a city attorney to members of the city council may be disclosed to the public must be determined under the provisions of the Public Records Act (§§ 6250-6270), not the provisions of the Act. (*Id.*, at pp. 373-381; see § 54956.9, subd. (b)(3)(F).)

Finally, we note that various means of curbing improper disclosures of information received and discussed in closed session were mentioned in 76 Ops.Cal.Atty.Gen. 289, *supra*:

> "Limited by the terms of the question, we do not focus again upon the `propriety' of public disclosures of closed session information. Nor do we examine other possible sanctions that may be imposed upon a person who discloses confidential information, such as barring the person from future closed sessions (*see Hamilton* v. *Town of Los Gatos, supra*, 213 Cal.App.3d at 1054), obtaining an injunction against the person's public disclosures (see § 54960; *Sacramento Newspaper Guild v. Sacramento County Board of Supervisors, supra,* 263 Cal.App.2d at 46*; City Council v. Superior Court, supra,* 204 Cal.App.2d at 73), or filing an accusation against the person for `willful or corrupt misconduct in office' (§ 3060; see *People v. Tice* (1956) 144 Cal.App.2d 750, 754)." (*Id.*, at p. 291; fn. omitted.)

With regard to the first two remedies, our prior opinion observed that the disobedience of a lawful order of a court constitutes contempt (Code Civ. Proc., § 1209, subd. (a)(5)) punishable by a fine of up to $1,000, imprisonment not exceeding five days, or both (Code Civ. Proc., § 1218).

Accordingly, we conclude that a local school board member may not publicly disclose information that has been received and discussed in closed session concerning pending litigation unless the information is authorized by law to be disclosed.

* * * * *

---

**Footnote No. 1**
All section references hereinafter are to the Government Code unless otherwise indicated. **Return to text**
**Footnote No. 2**
We assume that the information received and discussed pertains to the litigation which justifies the holding of the closed session. If the information is not pertinent to the litigation, it must not be discussed in closed session. (See *Register Div. of Freedom Newspapers, Inc.* v. *County of Orange* (1994) 158 Cal.App.3d 893, 907; 71 Ops.Cal.Atty.Gen. 96, *supra*.) A board member who brings such impermissible closed session discussions to the attention of the public, without revealing matters that are properly discussed in closed session, would not violate the pending litigation exception of the Act. The confidentiality requirements only apply to what is properly discussed in closed session. (See *Register Div. of Freedom Newspapers, Inc.* v. *County of Orange*, *supra*, 158 Cal.App.3d at 906-908.)